## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
FELIX ENCINAS et al.,         )
                              )
        Plaintiffs,           )
                              )
        v.                    )    Civil Action No. 08-1156 (RWR)
                              )
J.J. DRYWALL CORP. et al.,    )
                              )
        Defendants.           )
_____)
```

## MEMORANDUM ORDER

On April 26, 2010, the court issued and mailed to pro se defendant Jose Luis Jimenez at his address of record an order setting the initial scheduling conference for May 14, 2010 at 11:00 a.m. specifying that a party not represented by counsel is required to attend. Defendant Jimenez did not appear at the initial scheduling conference on May 14, 2010. Counsel for the plaintiffs did appear and suggested that defendant Jimenez may have a new address of Car Motion, 5747 Plank Road, Fredericksburg VA 22405.

An Order was issued directing defendant Jimenez to show cause in writing by June 1, 2010 why sanctions should not be imposed upon him for his failure to appear as ordered and warning him that his failure to respond might result in sanctions being imposed against him. As his failure to defend this case could be deemed a concession of liability, the Order also warned him that failure to respond might result in entry of an order against him

finding him liable for each and every cause of action alleged in the complaint. A copy of that Order was mailed to defendant Jimenez at both his address of record and the address suggested by the plaintiffs. Defendant Jimenez has not filed a response.

Federal courts have the inherent authority to "enter default judgment against a defendant in order to 'prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.'" Morrison v. Int'l Programs Consortium, Inc., 240 F. Supp. 2d 53, 55 (D.D.C. 2003) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962)). Justifications for imposing default judgment as a sanction for misconduct include "(1) prejudice to the other party, (2) prejudice to the judicial system requiring the district court to modify its own docket and operations to accommodate the delay, and (3) the need to sanction conduct that is disrespectful to the court and to deter similar conduct in the future." Butera v. District of Columbia, 235 F.3d 637, 661 (D.C. Cir. 2001) (quotation marks omitted). Defendant Jimenez' conduct has disrespected the Court, and has prejudiced the plaintiffs who have been deprived by Jimenez' nonfeasance of discovery to which they are entitled. Accordingly, it is hereby

ORDERED that default judgment be entered as to defendant Jimenez. It is further

ORDERED that defendant Jimenez pay the plaintiffs' counsel's fees and costs incurred in attending the initial scheduling conference on May 14, 2010. Plaintiffs' counsel are directed to submit by July 6, 2010 an affidavit of fees and costs incurred in attending the May 14, 2010 initial scheduling conference. It is further

ORDERED that Jimenez and plaintiffs' counsel confer and submit by July 6, 2010 a joint status report and proposed order proposing a schedule by which the case should proceed for determining damages. Should defendant Jimenez fail to participate in conferring with the plaintiffs' counsel, the plaintiffs' counsel shall submit their own status report and proposed order.

SIGNED this 18th day of June, 2010.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge